Anthony V. Diosdi (SBN 339070)
(adiosdi@sftaxcounsel.com)
Diosdi & Liu, LLP
505 Montgomery Street, 11th Floor
San Francisco, CA 94111
Telephone: (415) 391-3990
Facsimile: (415) 335-7922

Attorney for Plaintiff
Yifei Yang

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YIFEI YANG,** | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR REFUND OF FEDERAL PENALTY PAID** |
| **UNITED STATES OF AMERICA,** | |
| **INTERNAL REVENUE SERVICE.** | |
| Defendant. | |

Plaintiff, YIFEI YANG, by and through her attorney, Anthony V. Diosdi, for her Complaint against Defendant, the United States of America and Internal

1

Revenue Service ("IRS"), alleges as follows:

## NATURE OF THE CASE

1. Plaintiff is an individual who received gifts from family members in the amount of $142,900 during the 2018 tax year. Although the Plaintiff received $142,900 in gifts in 2018, only $50,000 of the $142,900 gifts were received from a foreign person. The Plaintiff erroneously believed that she had a legal obligation to disclose all the gifts that she received in 2018 on an IRS Form 3520. On October 10, 2019, Plaintiff filed a Form 3520 with the IRS reporting all the gifts she received to the IRS. When the IRS received Plaintiff's 2018 Form 3520, it automatically assessed a Section 6039F penalty against Plaintiff. The Section 6039F penalty was erroneously assessed against the Plaintiff because she did not have a legal obligation to file a Form 3520 with the IRS for the 2018 tax year.

2. The Plaintiff seeks a refund of the Section 6039F penalty she paid to the IRS.

3. The Plaintiff seeks declaratory judgment ordering that the IRS violated the Due Process Clause of the Fifth Amendment of the Constitution, the Seventh Amendment of the Constitution, the Eighth Amendment of the Constitution, and the Administrative Procedure Act.

4. The Plaintiff seeks a declaratory judgment to void the Section 6039F penalty assessed against for the 2018 calendar.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1346(a).

6. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §1391(e)(1) because a substantial part of the events giving rise to the claim against the United States occurred in this district, and because Plaintiff resides in this district.

## PARTIES

7. Plaintiff, Yifei Yang, is an individual residing in Orange County of the State of California.

8. Defendant, the United States of America, is the federal government formed under the Constitution of the United States of America with its capital in Washington, D.C.

## GENERAL ALLEGATIONS

**The IRS Exceeded Its Authority to Assess and Collect the Penalty**

9. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10. Section 6671(a) of the Internal Revenue Code provides that the Secretary of the Treasury shall assess and collect the penalties and liabilities provided by Subchapter B of Chapter 68 of the Internal Revenue Code ("Chapter 68B") "in the same manner as taxes." Chapter 68B penalties are generally

3

assessable penalties that the IRS can immediately assess and collect without benefit of deficiency procedures.

11. The requirement that U.S. donees of large foreign gifts or bequests file informational returns via Form 3520 is set forth in Section 6039F of the Internal Revenue Code. The failure to timely file Form 3520 in connection with the receipt of any such large foreign gift or bequest is provided in subsection (c) of Section 6039F.

12. Section 6039F, however, appears in Chapter 61 and not in Chapter 68 of the Internal Revenue Code. The penalty in subsection (c) thereof does not provide that the Secretary of the Treasury is to assess and collect the penalty in the same manner as a tax or an assessable penalty. Section 6039F also does not contain any cross-reference to another section in Chapter 68 for provisions relating to the applicable penalty arising from the failure to comply with Section 6039F's reporting requirement. Similarly, there is no section in Chapter 68 (i.e., Sections 6651–6751) that provides or imposes any penalty with respect to the failure to comply with Section 6039F's reporting requirement..

13. Accordingly, the Section 6039F(c) penalty imposed on Plaintiff for failing to file Form 3520 is not an "assessable penalty" under the Internal Revenue Code and, in particular, is not an "assessable penalty" provided by Chapter 68B.

14. Since the 6039F(c) penalty is not an assessable penalty, the assessment authority granted to the Secretary of the Treasury under Section 6201(a) of the Internal Revenue Code with respect to all taxes (including interest, additional amounts, additions to tax, and assessable penalties) does not extend to and include the Section 6039F(c) penalty.

15. The IRS is the delegate of the rights and powers of the Secretary of the Treasury under Sections 6201 and 6671. As such, the IRS lacks the statutory authority to assess and administratively collect the Section 6039F(c) penalty imposed on Plaintiff for not timely filing Form 3520 for the 2018 calendar year.

16. Defendant exceeded its statutory authority in assessing and collecting the Section 6039F(c) penalty against Plaintiff.

**The IRS Exceeded its Lien and Levy Collection Authority**

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. The federal tax lien imposed by Section 6321 of the Internal Revenue Code arises only when a "person [who is] liable to pay any tax neglects or refuses to pay the same after demand." The IRS is also authorized by Section 6331(a) of the Internal Revenue Code to levy against assets of any person who is "liable to pay any tax [and] neglects or refuses to pay the same within 10 days after notice and demand."

5

19. Since the Section 6039F(c) penalty for failing to timely file Form 3520 is neither a tax nor an assessable penalty under the Internal Revenue Code, neither the Secretary of the Treasury, nor its delegate, the IRS, has the authority under Section 6201(a) to file tax liens or levy assets in order to collect the Section 6039F(c) penalty.

20. Defendant exceeded its statutory authority in assessing and collecting the Section 6039F(c) penalty against Plaintiff.

21. Since the Defendant exceeded its statutory authority in assessing the Section 6039F penalty for the 2018 calendar year, the Plaintiff is entitled to a refund of the entire Section 6039F penalty assessment.

**The IRS Failed to Comply With Section 6751(b)(1)**

22. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. Section 6751(b) of Internal Revenue Code provides that the IRS may not assess certain penalties such as Section 6039F penalties "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher official as the Secretary may designate."

24. Plaintiff submitted a Freedom of Information Act ("FOIA") request to the IRS for Plaintiff's tax records for the 2018 tax year.

6

25. The information provided by the IRS in response to Plaintiff's FOIA request does not identify the name of the manager or immediate supervisor who approved the Section 6039F(c) penalty imposed on Plaintiff for the 2018 tax year.

26. The information provided by the IRS in response to Plaintiff's FOIA request is unclear as to whether supervisory approval as required by Section 6751(b) was obtained, if at all.

27. Defendant failed to comply with the supervisory approval requirement of 6751(b)(1) when it assessed the Section 6039F penalty against the Plaintiff.

28. Since the Defendant failed to comply with Section 6751(b)(1) in assessing the Section 6039F penalty for the 2018 calendar year, the Plaintiff is entitled to a refund of the entire Section 6039F penalty assessment for the 2018 calendar year.

**The IRS Failed to Comply With Section 6751(a)**

29. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Internal Revenue Code Section 6751(a) requires each notice of a penalty issued by the IRS to state the name of the penalty, the Section of the Internal Revenue Code under which the penalty is imposed, and a computation of the penalty.

7

31. The IRS violated Section 6751(a) by not providing the Plaintiff with a computation as to how it computed the Section 6039F penalty; the Plaintiff could not determine if the Section 6039F penalty was correctly computed.

32. Since the Defendant failed to comply with Section 6751(b)(1) in assessing the Section 6039F penalty for the 2018 calendar year, the Plaintiff is entitled to a refund of the entire Section 6039F penalty assessment for the 2018 calendar year.

**The IRS Erroneously Assessed the Section 6039F Penalty Against the Plaintiff**

33. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34. Section 1905 of the 1996 Tax Act created reporting requirements under Section 6039F for U.S. person (other than certain exempt organizations) that receive large gifts (including bequests) from foreign persons. The information reporting provisions require U.S. donees to provide information concerning the receipt of large amounts that the donees treat as foreign gifts, giving the IRS an opportunity to review the characterization of these payments and determine whether they are properly treated as gifts. Donees are required to report certain information about such foreign gifts on Part IV of Form 3520.

35. Section 6039F(b) generally defines the term "foreign gift" as any amount received from a person other than a U.S. person that the recipient treats as a

gift or bequest. However, a foreign gift does not include qualified transfer (within the meaning of Section 2503(e)(2)) or any distribution from a foreign trust. Section 6039F(c) provides that if a U.S. person fails, without reasonable cause, to report a foreign gift as required by Section 6039F, then (1) the tax consequences of the receipt of the gift will be determined by the Secretary and (2) the U.S. person will be subject to a penalty equal to 5% of the amount for the gift for each month the failure to report the foreign gift continues, with the total penalty not to exceed 24% of such amount. Under Section 6039F(a) and (b), reporting is required for aggregate foreign gifts in excess of $100,000 during a taxable year. *See* VI.B.I of Notice 97-34.

36. Originally, penalties associated with failing to timely disclose large foreign gifts on Form 3520 was assessed manually by the IRS on individuals and entities whose missing filings were discovered during an audit.

37. Several years ago the IRS began a systemic assessment of penalties associated with the late filing of Form 3520s. The systematic assessment of Section 6039F penalties is controversial. Many U.S. donees are unaware of their Form 3520 reporting obligation and learn of their filing obligation after the due date of the filing obligation has already passed. Many of these same U.S. donees often try to comply with their Form 3520 filing requirement late. The IRS typically rewards

these U.S. donees "trying to do the right thing" by automatically assessing the maximum Section 6039F penalty against them.

38. During the 2018 calendar year the Plaintiff received approximately $142,900 from members of her family. $50,000 of the $142,900 gifts were received from foreign relatives in 2018. The rest of the 2018 gifts were received from domestic relatives in 2018.

39. The Plaintiff only received $50,000 in gifts from foreign persons in 2018. Since the Plaintiff received less than $100,000 in foreign gifts during the 2018 calendar year, she did not have a legal obligation to file a Form 3520 with the IRS for the 2018 calendar year.

40. The Plaintiff mistakenly believed that she had an obligation to disclose her 2018 gifts on a Form 3520. The Plaintiff filed a Form 3520 with the IRS on October 10, 2019. The Form 3520 is due by the 15th day of the Fourth month following the end of the U.S. owner's tax year (April 15), or October 15 for calendar year taxpayers filing with extensions. Here, the Plaintiff filed the Form 3520 on October 10, 2019. The filing of the Form 3520 after the April 15th deadline triggered an IRS automatic penalty in the amount of $36,475.31. This figure represented the highest possible penalty amount, which was 25 percent of the amount of gifts the Plaintiff reported on the Form 3520 she filed with the IRS.

41. Since the Plaintiff never had an obligation to file a Form 3520 with the IRS for the 2018 calendar year, the Plaintiff does not owe the Section 6039F penalty assessed against her for the 2018 calendar year and is entitled to a refund of the entire 2018 Section 6039F penalty.

**The Court Has Jurisdiction under the APA to Grant Plaintiff Relief**

42. The Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. The Administrative Procedure Act ("APA") for which there is no other adequate remedy in a court.

44. Administrative agencies such as the IRS are created by Congress to carry out certain statutorily defined duties, goals and functions. A primary purpose of judicial review under the APA is to ensure that agencies do not go beyond their statutory powers in carrying out their tasks. If an agency could freely take actions that were *ultra vires*, that is, beyond its statutory authority, its decisions would completely undermine the separation of powers principles upon which the Constitution is based. Judicial review under the APA thus serves as an important check on the legality of the action that agencies may undertake. An agency must act within the statutory authority provided by Congress, but that authority must be in accord with the Constitution. 5 U.S.C. Section 706(2)(C) gives courts the power to focus on what agencies actually do and to set aside agency action found to be "in

excess of statutory jurisdiction, authority, or limitation, or short of statutory right." In yet other contexts, an agency might act within its statutory authority, but its actions may nevertheless violate a constitutional provision. The APA authorizes this court to hold unlawful or set aside agency action found to be "contrary to constitutional right, power, privilege, or immunity. *See* 5 U.S.C. Section 706(2)(B).

**The IRS's Penalty Assessment Violated the Seventh Amendment**

45. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

46. The Seventh Amendment protects the right to a jury trial. It provides that '[i] Suites at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.' The Supreme Court has interpreted 'Suits at common law' to include all actions akin to those brought at common law as those actions were understood at the time of the Seventh Amendment's adoption.

47. The right is "fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, and should be jealousy guarded by the courts.' *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 53 (1989). The factors determining whether claims are legal in nature include (1) whether the claims resemble common law causes of action, and (2) whether the

remedy is the sort that was traditionally obtained in a court of law. *See SEC v. Jarkesy,* 144 S.Ct. at 2129 (2024).. In this case, the Section 6039F penalty assessed against the Plaintiff is a penalty equal to 25% of an unreported foreign gift. The Section 6039F penalty is synonymous with common law causes of action for fraud or negligence. The penalty equal to 25% of the purported underpayment of a foreign gift is the type that would traditionally be obtained in an Article III court with the protections of the Seventh Amendment because the penalty is designed to "punish or deter."

48.  The only exception to the right to a jury trial for claims implicating the Seventh Amendment is found in the "public rights" exception. The Supreme Court has recently stated that "matters concerning private rights may not be removed from Article II courts." *See Jarkesy*, 144 S. Ct. at 2132. If a suit is in nature of an action of an action at common law, then the matter presumptively concerns private rights, and adjudication by an Article III court is mandatory." The Section 6039F penalty at issue in the nature of a common law action concerning private rights, and thus does not implicate the "public rights" exception.

49.  Because the Section 6039F penalty in this case involves a common law claim that does not implicate the public rights exception, the Plaintiff was entitled to a jury trial under the Seventh Amendment before the IRS assessed the Section 6069F penalty. Accordingly, the IRS, which is not an Article III court,

13

cannot provide a right to a jury trial. Thus, the IRS did not have the authority to assess a Section 6039F penalty against the Plaintiff.

50. The Plaintiff was adversely affected by the IRS's erroneous assessment of the Section 6039F penalty.

51. The IRS's determination that the Plaintiff was liable for a Section 6039F penalty for the 2018 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

52. As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of a jury trial under the Seventh Amendment prior to the assessment of the Section 6039F penalty.

**The IRS's Penalty Assessment Violated the Fifth Amendment**

53. Plaintiff realleges and incorporates by reference the foregoing paragraphs as it fully set forth herein.

54. The Seventh Amendment's jury-trial right does not work alone. It operates together with Article III and the Due Process Clause of the Fifth Amendment to limit how the Government may go about depriving an individual of life, liberty, or property." *See Jarkesy*, 144 S. Ct. at 2140.

55. The IRS's assessment of the Section 6039F penalty in this case not only violated the Plaintiff's Seventh Amendment rights, the IRS violated the Plaintiff's Fifth Amendment rights.

56. The Plaintiff was adversely affected by the IRS's erroneous assessment of the Section 6039F penalty.

57. The Plaintiff has no adequate remedy at law.

58. The IRS's determination that the Plaintiff was liable for a Section 6039F penalty for the 2018 calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

59. As a direct and proximate result of the Defendant's actions, Plaintiff has been deprived of due process as guaranteed under the Fifth Amendment of the Constitution.

**The IRS's Penalty Assessment Violated the Eighth Amendment**

60. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

61. The Eighth Amendment provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." The prohibition of excessive fines is commonly referred to as the "Excessive Fines Clause." *See Austin v. United States,* 509 U.S. 602 (1993). The basis of the Excessive Fines Clause is traceable to the Magna Carta. *See United States v. Bajakajian,* 524 U.S. 321, 335-336 (1998). The principle is that the fines should be proportional to the offense.

62. Here because of the IRS's automatic penalty assessment scheme that has no managerial oversight, the IRS assessed a penalty in the amount of $36,475.31 even though she did not violate any laws. Instead, the Plaintiff mistakenly filed a Form 3520 because she thought she was doing the right thing.

63. The IRS violated the Eighteen Amendment by wrongfully assessing a Section 6039F penalty against her for the 2018 calendar year.

64. The IRS's determination that the Plaintiff was liable for the Section 6039F penalty for the calendar year was unreasonable, arbitrary and capricious, and an abuse of discretion.

65. As a direct and proximate result of Defendant's actions. Plaintiff has been deprived of her Eighth Amendment rights against excessive fines.

**Claim for Refund**

66. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

67. The IRS is authorized by Section 6402 of the Internal Revenue Code to refund an overpayment of federal taxes to the person who made the overpayment. Section 7422 of the Internal Revenue Code mandates that no suit for "the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority" shall be maintained in any court until a claim for refund has

been filed. Pursuant to Section 6532(a) of the Internal Revenue Code, no suit for the recovery of any internal revenue tax, penalty, or other sum shall begin before the expiration of six months from the date of the filing of the administrative claim for refund, unless the claim is disallowed by the IRS prior to the six month period.

68. Plaintiff filed Form 843, 'Claim for Refund and Request for Abatement,' for the 2018 tax year ("2018 Claim for Refund") with the IRS on September 27, 2022 and April 4, 2024. *See* **Exhibit A**, Copy of Plaintiff's 2018 Claim for Refunds.

69. Plaintiff's 2018 Claim for Refund provided Defendant with adequate notice that Plaintiff sought a refund of $36,475.31 in taxes, interest and penalties paid by Plaintiff for the 2018 tax year.

70. More than six months have elapsed since the date of the filing of Plaintiff's 2018 Claim for Refund.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. For refund of $36,475.31 in penalties illegally collected by Defendant from Plaintiff for the 2018 tax year;

B. Declaratory Judgment setting aside Section 6039F penalty as unlawful under 5 U.S.C. Section 706 for the 2018 calendar year.

  C. Defendants' actions were arbitration, capricious and an abuse of discretion or otherwise not in accordance with the law in assessing the Section 6039F penalty against the Plaintiff for 2018 calendar year.

  D. An award of attorney fees, costs, and other expenses incurred by Plaintiff to the extent allowed by law; and

  E. Such relief as the Court deems just and proper.

Date: January 23, 2025

         Respectfully Submitted,

         */s/ Anthony V. Diosdi*
         Anthony V. Diosdi (CA SBN 339070)
         Diosdi & Liu, LLP
         505 Montgomery St., 11th Floor
         San Francisco, CA 94111
         Phone: (415) 318-3990
         Fax: (415) 335-7922
         adiosdi@sftaxcounsel.com

         *Attorney for Plaintiff*