**Form 843**
(Rev. August 2011)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:
- (a) a refund of one of the taxes (other than income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding) or a fee, shown on line 3,
- (b) an abatement of FUTA tax or certain excise taxes, or
- (c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
- (a) an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return),
- (b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
- (c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s) | Your social security number |
|---|---|
| Yifei Yang | |
| Address (number, street, and room or suite no.) | Spouse's social security number |
| | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| | |
| Name and address shown on return if different from above | Daytime telephone number |

**1 Period.** Prepare a separate Form 843 for each tax period or fee year.
From  01-01-2018  to  12-31-2018

**2 Amount to be refunded or abated:**
$ 36,559.50

**3 Type of tax or fee.** Indicate the type of tax or fee to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise   ☐ Income   ☐ Fee

**4 Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: 6039F

**5a Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)
☐ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b Date(s) of payment(s)** ▶  4.4.2022 and 2-28-2022

**6 Original return.** Indicate the type of fee or return, if any, filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706   ☐ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945
☐ 990-PF   ☐ 1040   ☐ 1120   ☐ 4720   ☑ Other (specify) ▶ 3520

**7 Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

SEE ATTACHMENT

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)    Date  9.15.2022

Signature (spouse, if joint return)    Date  9.15.2022

| Paid Preparer Use Only | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | Kerrin Liu | | 9-22-22 | | P02025107 |
| | Firm's name ▶ DIOSDI CHING AND LIU, LLP | | | Firm's EIN ▶ | 82-5368618 |
| | Firm's address ▶ 505 MONTGOMERY STREET, 11TH FL, SAN FRANCISCO, CA 94111 | | | Phone no. | 415-318-3990 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 8-2011)



## Diosdi Ching & Liu, LLP
### Attorneys at Law

Re: Attachment to Claim for Refund for Line 7

**Facts**

The taxpayer is a United States citizen. Taxpayer Yifei Yang received a foreign gift from her family during the 2018 tax year totaling only $50,000.  The taxpayer has no formal background in accounting or preparing U.S. taxes.  The taxpayer's total foreign gift received is far below the $100,000 threshold required to file Form 3520.  Due to having received only $50,000 in total foreign gifts for the 2018 tax year, the taxpayer had no Form 3520 filing requirement for the 2018 tax year.  The taxpayer erroneously believed she had a requirement to disclose her foreign gift received on IRS Form 3520 for the 2018 tax year and filed Form 3520 by mistake as soon as she believed she had to on or around October 10, 2019.  The IRS responded by automatically imposing a 3520 penalty against the taxpayer for the 2018 tax year.

**Overview of Law**

U.S. residents that receive gifts from nonresidents in the aggregate of $100,000 must timely disclose the gift on an IRS Form 3520. If the foreign source gift is not properly reported, the U.S. recipient will be subject to a penalty equal to five percent of the value of the gift for each month in which the gift is not reported, with the total penalty not to exceed 25 percent of the value of the gift.

**Supervisory- Approval Requirement**

It is clear upon reviewing the foreign gift received by the taxpayer that she did not have a Form 3520 filing obligation for the 2018 tax year.  Nevertheless, even if she did have a filing obligation, Internal Revenue Code Section 6751(b)(1) provides that the IRS may not assess certain penalties "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher official as the Secretary may designate." The Internal Revenue Code identifies a group of penalties which are referred to as "assessable penalties." Assessable penalties are not subject to the deficiency procedures, and therefore the IRS may assess the penalties and proceed almost immediately to collection. These penalties are generally in Subchapter B of Chapter 68 of the Internal Revenue Code. [1] In the present case, the IRS assessed an "assessable penalty" against the taxpayer for the 2018 tax year.

---

[1] *See* IRC Sections 6671 through 6725.

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

1

On various occasions, the United States Tax Court has suggested that the IRS was required to obtain written managerial approval for the imposition of assessable penalties. These include the assessable penalties for aiding and abetting understatement of tax liability under Internal Revenue Code Section 6701, [2] failure to file an S corporation return under Internal Revenue Code Section 6699, [3] and filing a frivolous return under Internal Revenue Code Section 6702(a)(1). [4] Relying on these prior decisions, the United States Tax Court held in *Laidlaw's Harlaw's Harley Davidson Sales, Inc.,* [5] that written managerial approval was required under Section 6751(b) to determine whether the IRS complied with "any applicable law and administrative procedure" under Internal Revenue Code Section 6330(c)(1).

The taxpayer submitted an IRS Freedom of Information Act ("FOIA") request to the IRS for the 2018 tax year. Based on the information provided by the IRS, the 2018 penalty was assessed without written approval by an immediate supervisor or higher level official. (Although the documentation provided by the IRS states that the penalty was approved by an "Acting Manager", the documentation does not identify this individual nor what he/she considered in making their determination). Since the IRS violated Internal Revenue Code Section 6751(b)(1), the 2018 penalty must be immediately removed.

**The IRS Acted Arbitrarily, Capriciously or Abused Its Discretion in Assessing the Penalty**

The IRS also abused its discretion in assessing the 2018 civil penalty. A court has the ability to set aside a penalty if the assessment was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." For example, in carrying out its adjudicatory duties, the IRS makes findings of fact. If the penalty is premised on facts "unsupported by substantial evidence" the assessment of the penalty is an abuse of discretion. [6] As discussed above, the IRS assessed the penalty herein without explaining why the penalty is appropriate in this case. There should be a rational connection between the facts found by the IRS and the reason for the assessment of the penalty. The IRS's 2018 penalty assessment does not provide a rational connection between the facts found by the IRS and the reason for the assessment of the penalty. Instead, it appears that the IRS simply "rubber-stamped" a 3520 penalty and thus acted arbitrarily, capriciously, and abused its discretion in assessing the 2018 penalty, especially in light of the fact that the taxpayer had no Form 3520 filing obligation at all. The IRS violated the Administrative Procedure Act ("APA") in assessing the 3520 penalty.

---

[2] *Kapp,* T.C. Memo. 2019-84.
[3] *ATL & Sons Holding, Inc.*, 152 T.C. 138, 154 (2019).
[4] *Kestin*, 153 T.C. No. 2 (2019).
[5] 154 T.C. No. 4 (2020).
[6] *See* 5 U.S.C.A. Section 706(2)(E).

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

2

Finally, the IRS summary assessment procedure for foreign information returns probably exceeds statutory authority. In the view of the National Taxpayer Advocate, among others, information return penalties for the failure to timely file Form 3520s are not the type that the tax law permits to be systemically imposed. Rather, penalties associated with Form 3520s are the type subject to the safeguards of deficiency procedures, meaning that the taxpayer should receive a notice of deficiency. If the IRS refuses to remove the penalty assessed against the taxpayer for the 2018 tax year, the taxpayer demands that the IRS issue a notice of deficiency.

**Penalty Relief**

The taxpayer also requests the removal of the 2018 penalty based on the fact that the taxpayer had no Form 3520 filing obligation to begin with. Additionally, and in the alternative, the taxpayer requests the removal of the 2018 penalty based on reasonable cause. Where a penalty for failure to timely file a Form 3520 has been assessed by the IRS, two potential avenues for penalty relief should be considered by the Service.

**First-Time Penalty Abatement**

The IRS's First Time Abatement ("FTA") policy provides an avenue for penalty relief if the following FTA criteria are met:

1) The taxpayer has not been required to file the same return, or no tax modules for the same return are delinquent, for the three years preceding the penalized tax period;

2) If required to file the same return during the preceding three years, there are no unreversed penalties (except an estimated tax penalty) or penalties manually suppressed or reversed using FTA or tolerance criteria;

3) The taxpayer has paid, or arranged to pay, any tax currently. [7]

As a general matter, FTA does not apply to event-based filing requirements, such as a Form 3520. However, the IRS provides that FTA applies to Forms 3520 for late-filing penalties unless the following criteria are met:

1) The failure-to-file penalty on the related tax return was not assessed as a result of an outstanding tax liability.

2) The taxpayer had no similar penalties in the three prior periods; and

---

[7] *See* IRM 20.1.1.3.3.2.1 (10/19/20), *First Time Abate (FTA)*.

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

3

3) There were no late filing penalties assessed in the three prior periods. [8]

In the present case, the taxpayer has not been assessed any similar penalties or late filing penalties for the prior three years. There also were no unsatisfied tax liabilities for the 2018 tax year. Consequently, the IRS should use the FTA procedures to remove the 2018 Form 3520 penalty.

**Reasonable Cause**

Reasonable cause provides an escape hatch to the 3520 penalty. Even though the taxpayer had no Form 3520 filing obligation for the 2018 tax year, the taxpayer acted with reasonable cause in not timely filing the Form 3520. The term "reasonable cause" is nowhere defined in the Internal Revenue Code or in regulations interpreting it. That phrase, however, appears repeatedly through the Internal Revenue Code and its regulations. Internal Revenue Code Section 6677(d), which is applicable to the reporting of foreign trusts, prohibits penalties for "any failure which is shown to be due to reasonable cause and not due to willful neglect." Another statute, applicable to individual income tax returns, prohibits monthly penalties for failing to file tax returns where "such failure is due to reasonable cause and not due to willful neglect." [9] In 1985, the Supreme Court noted that the meaning of the terms "reasonable cause" and "willful neglect" "had become clear over the near-70 years of their presence in the statutes." [10] It also noted that regulations defined "reasonable cause" for purposes of Section 6651(a)(1). ("The relevant Treasury Regulation calls on the taxpayer to demonstrate that he exercised 'ordinary business care and prudence' but nevertheless was 'unable to file the return within the prescribed time").

The taxpayer acted with reasonable cause because she has no accounting background nor has she ever received any training in how to prepare U.S. tax returns. She erroneously believed that she had a Form 3520 filing obligation for the 2018 tax year and mistakenly filed Form 3520 as soon as she realized this. By the time the taxpayer realized she had no Form 3520 filing obligation, the IRS had already assessed the 2018 3520 penalty.

The Internal Revenue Code, income tax regulations, and case law also provide that a mistake of fact or law is also a defense to a penalty under reasonable cause. Here, the taxpayer mistakenly believed she had an obligation to file a Form 3520 because of an honest misunderstanding of fact or law regarding the need to file a Form 3520 for the 2018 tax year.

---

[8] *See* IRM Section 20.1.9.5.5 (1/29/21), *Reasonable Cause.*
[9] *See* IRC Section 6651(a)(1).
[10] *See United States v. Boyle,* 469 U.S. 241, 245 (1985).

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

| Form **843** | **Claim for Refund and Request for Abatement** | OMB No. 1545-0024 |
|---|---|---|
| (Rev. August 2011) Department of the Treasury Internal Revenue Service | ▶ See separate instructions. | |

Use Form 843 if your claim or request involves:
- (a) a refund of one of the taxes (other than income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding) or a fee, shown on line 3,
- (b) an abatement of FUTA tax or certain excise taxes, or
- (c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
- (a) an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return),
- (b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
- (c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s) | Your social security number |
|---|---|
| YIFEI YANG | [redacted] |
| Address (number, street, and room or suite no.) | Spouse's social security number |
| [redacted] | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| [redacted] | |
| Name and address shown on return if different from above | Daytime telephone number |

**1** Period. Prepare a separate Form 843 for each tax period or fee year.
From  1-1-2018  to  12-31-2018

**2** Amount to be refunded or abated:
$ 29,311.50

**3** Type of tax or fee. Indicate the type of tax or fee to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment  ☐ Estate  ☐ Gift  ☐ Excise  ☐ Income  ☐ Fee

**4** Type of penalty. If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: **6039F**

**5a** Interest, penalties, and additions to tax. Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)
☐ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Date(s) of payment(s) ▶ 4-4-2022

**6** Original return. Indicate the type of fee or return, if any, filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706  ☐ 709  ☐ 940  ☐ 941  ☐ 943  ☐ 945
☐ 990-PF  ☐ 1040  ☐ 1120  ☐ 4720  ☑ Other (specify) ▶ 3520

**7** Explanation. Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.
**SEE ATTACHMENT**

Signature. If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)   Date: 4.4.2024

Signature (spouse, if joint return)   Date

| Paid Preparer Use Only | Print/Type preparer's name KERRIN LIU | Preparer's signature | Date 4-4-24 | Check ☐ if self-employed | PTIN P02025107 |
|---|---|---|---|---|---|
| | Firm's name ▶ DIOSDI CHING AND LIU | | | Firm's EIN ▶ | 82-5368618 |
| | Firm's address ▶ 505 MONTGOMERY STREET, 11TH FL, SAN FRANCISCO, CA 94111 | | | Phone no. | 415-318-3990 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 8-2011)



# Diosdi Ching & Liu, LLP
### ATTORNEYS AT LAW

Re: Attachment to Claim for Refund for Line 7

**Facts**

The taxpayer is a United States citizen. Taxpayer Yifei Yang received a foreign gift from her family during the 2018 tax year totaling only $50,000. The taxpayer has no formal background in accounting or preparing U.S. taxes. The taxpayer's total foreign gift received is far below the $100,000 threshold required to file Form 3520. Due to having received only $50,000 in total foreign gifts for the 2018 tax year, the taxpayer had no Form 3520 filing requirement for the 2018 tax year. The taxpayer erroneously believed she had a requirement to disclose her foreign gift received on IRS Form 3520 for the 2018 tax year and filed Form 3520 by mistake as soon as she believed she had to on or around October 10, 2019. The IRS responded by automatically imposing a 3520 penalty against the taxpayer for the 2018 tax year.

**Overview of Law**

U.S. residents that receive gifts from nonresidents in the aggregate of $100,000 must timely disclose the gift on an IRS Form 3520. If the foreign source gift is not properly reported, the U.S. recipient will be subject to a penalty equal to five percent of the value of the gift for each month in which the gift is not reported, with the total penalty not to exceed 25 percent of the value of the gift.

**The IRS has no authority to assess or collect the Form 3520 penalty or any penalty under Title 26, Subtitle F, Chapter 61**

Section 6671(a) of the Internal Revenue Code provides that the Secretary of the Treasury shall assess and collect the penalties and liabilities provided by Subchapter B of Chapter 68 of the Internal Revenue Code ("Chapter 68B") "in the same manner as taxes." Chapter 68B penalties are generally assessable penalties that the IRS can immediately assess and collect without benefit of deficiency procedures.

The requirement that U.S. donees of large foreign gifts or bequests file informational returns via Form 3520 is set forth in Section 6039F of the Internal Revenue Code. The failure to timely file Form 3520 in connection with the receipt of any such large foreign gift or bequest is provided in subsection (c) of Section 6039F.

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

1

Section 6039F, however, appears in Chapter 61 and not in Chapter 68 of the Internal Revenue Code. The penalty in subsection (c) thereof does not provide that the Secretary of the Treasury is to assess and collect the penalty in the same manner as a tax or an assessable penalty. Section 6039F also does not contain any cross-reference to another section in Chapter 68 for provisions relating to the applicable penalty arising from the failure to comply with Section 6039F's reporting requirement. Similarly, there is no section in Chapter 68 (i.e., Sections 6651–6751) that provides or imposes any penalty with respect to the failure to comply with Section 6039F's reporting requirement.

Accordingly, the Section 6039F(c) penalty imposed on the taxpayer for failing to file Form 3520 is not an "assessable penalty" under the Internal Revenue Code and, in particular, is not an "assessable penalty" provided by Chapter 68B.

Since the 6039F(c) penalty is not an assessable penalty, the assessment authority granted to the Secretary of the Treasury under Section 6201(a) of the Internal Revenue Code with respect to all taxes (including interest, additional amounts, additions to tax, and assessable penalties) does not extend to and include the Section 6039F(c) penalty.

The IRS is the delegate of the rights and powers of the Secretary of the Treasury under Sections 6201 and 6671. As such, the IRS lacks the statutory authority to assess and administratively collect the Section 6039F(c) penalty imposed on the taxpayer for not timely filing Form 3520 for the 2018 tax year.

The IRS exceeded its statutory authority in assessing and collecting the Section 6039F(c) penalty against the taxpayer.

**Supervisory- Approval Requirement**
It is clear upon reviewing the foreign gift received by the taxpayer that she did not have a Form 3520 filing obligation for the 2018 tax year.  Nevertheless, even if she did have a filing obligation, Internal Revenue Code Section 6751(b)(1) provides that the IRS may not assess certain penalties "unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher official as the Secretary may designate." The Internal Revenue Code identifies a group of penalties which are referred to as "assessable penalties." Assessable penalties are not subject to the deficiency procedures, and therefore the IRS may assess the penalties and proceed almost immediately to collection. These penalties are generally in Subchapter B of Chapter 68 of the Internal Revenue Code. [1] In the present case, the IRS assessed an "assessable penalty" against the taxpayer for the 2018 tax year.

---

[1] *See* IRC Sections 6671 through 6725.

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

On various occasions, the United States Tax Court has suggested that the IRS was required to obtain written managerial approval for the imposition of assessable penalties. These include the assessable penalties for aiding and abetting understatement of tax liability under Internal Revenue Code Section 6701, [2] failure to file an S corporation return under Internal Revenue Code Section 6699, [3] and filing a frivolous return under Internal Revenue Code Section 6702(a)(1). [4] Relying on these prior decisions, the United States Tax Court held in *Laidlaw's Harlaw's Harley Davidson Sales, Inc.,* [5] that written managerial approval was required under Section 6751(b) to determine whether the IRS complied with "any applicable law and administrative procedure" under Internal Revenue Code Section 6330(c)(1).

The taxpayer submitted an IRS Freedom of Information Act ("FOIA") request to the IRS for the 2018 tax year. Based on the information provided by the IRS, the 2018 penalty was assessed without written approval by an immediate supervisor or higher level official. (Although the documentation provided by the IRS states that the penalty was approved by an "Acting Manager", the documentation does not identify this individual nor what he/she considered in making their determination). Since the IRS violated Internal Revenue Code Section 6751(b)(1), the 2018 penalty must be immediately removed.

**The IRS Acted Arbitrarily, Capriciously or Abused Its Discretion in Assessing the Penalty**

The IRS also abused its discretion in assessing the 2018 civil penalty. A court has the ability to set aside a penalty if the assessment was "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." For example, in carrying out its adjudicatory duties, the IRS makes findings of fact. If the penalty is premised on facts "unsupported by substantial evidence" the assessment of the penalty is an abuse of discretion. [6] As discussed above, the IRS assessed the penalty herein without explaining why the penalty is appropriate in this case. There should be a rational connection between the facts found by the IRS and the reason for the assessment of the penalty. The IRS's 2018 penalty assessment does not provide a rational connection between the facts found by the IRS and the reason for the assessment of the penalty. Instead, it appears that the IRS simply "rubber-stamped" a 3520 penalty and thus acted arbitrarily, capriciously, and abused its discretion in assessing the 2018 penalty, especially in light of the fact that the taxpayer had no Form 3520 filing obligation at all. The IRS violated the Administrative Procedure Act ("APA") in assessing the 3520 penalty.

---

[2] *Kapp,* T.C. Memo. 2019-84.
[3] *ATL & Sons Holding, Inc.*, 152 T.C. 138, 154 (2019).
[4] *Kestin*, 153 T.C. No. 2 (2019).
[5] 154 T.C. No. 4 (2020).
[6] *See* 5 U.S.C.A. Section 706(2)(E).

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

Finally, the IRS summary assessment procedure for foreign information returns probably exceeds statutory authority. In the view of the National Taxpayer Advocate, among others, information return penalties for the failure to timely file Form 3520s are not the type that the tax law permits to be systemically imposed. Rather, penalties associated with Form 3520s are the type subject to the safeguards of deficiency procedures, meaning that the taxpayer should receive a notice of deficiency. If the IRS refuses to remove the penalty assessed against the taxpayer for the 2018 tax year, the taxpayer demands that the IRS issue a notice of deficiency.

**Penalty Relief**

The taxpayer also requests the removal of the 2018 penalty based on the fact that the taxpayer had no Form 3520 filing obligation to begin with. Additionally, and in the alternative, the taxpayer requests the removal of the 2018 penalty based on reasonable cause. Where a penalty for failure to timely file a Form 3520 has been assessed by the IRS, two potential avenues for penalty relief should be considered by the Service.

**First-Time Penalty Abatement**

The IRS's First Time Abatement ("FTA") policy provides an avenue for penalty relief if the following FTA criteria are met:

1) The taxpayer has not been required to file the same return, or no tax modules for the same return are delinquent, for the three years preceding the penalized tax period;

2) If required to file the same return during the preceding three years, there are no unreversed penalties (except an estimated tax penalty) or penalties manually suppressed or reversed using FTA or tolerance criteria;

3) The taxpayer has paid, or arranged to pay, any tax currently. [7]

As a general matter, FTA does not apply to event-based filing requirements, such as a Form 3520. However, the IRS provides that FTA applies to Forms 3520 for late-filing penalties unless the following criteria are met:

1) The failure-to-file penalty on the related tax return was not assessed as a result of an outstanding tax liability.

2) The taxpayer had no similar penalties in the three prior periods; and

---

[7] *See* IRM 20.1.1.3.3.2.1 (10/19/20), *First Time Abate (FTA)*.

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

4

3) There were no late filing penalties assessed in the three prior periods. [8]

In the present case, the taxpayer has not been assessed any similar penalties or late filing penalties for the prior three years. There also were no unsatisfied tax liabilities for the 2018 tax year. Consequently, the IRS should use the FTA procedures to remove the 2018 Form 3520 penalty.

**Reasonable Cause**

Reasonable cause provides an escape hatch to the 3520 penalty. Even though the taxpayer had no Form 3520 filing obligation for the 2018 tax year, the taxpayer acted with reasonable cause in not timely filing the Form 3520. The term "reasonable cause" is nowhere defined in the Internal Revenue Code or in regulations interpreting it. That phrase, however, appears repeatedly through the Internal Revenue Code and its regulations. Internal Revenue Code Section 6677(d), which is applicable to the reporting of foreign trusts, prohibits penalties for "any failure which is shown to be due to reasonable cause and not due to willful neglect." Another statute, applicable to individual income tax returns, prohibits monthly penalties for failing to file tax returns where "such failure is due to reasonable cause and not due to willful neglect." [9] In 1985, the Supreme Court noted that the meaning of the terms "reasonable cause" and "willful neglect" "had become clear over the near-70 years of their presence in the statutes." [10] It also noted that regulations defined "reasonable cause" for purposes of Section 6651(a)(1). ("The relevant Treasury Regulation calls on the taxpayer to demonstrate that he exercised 'ordinary business care and prudence' but nevertheless was 'unable to file the return within the prescribed time'").

The taxpayer acted with reasonable cause because she has no accounting background nor has she ever received any training in how to prepare U.S. tax returns. She erroneously believed that she had a Form 3520 filing obligation for the 2018 tax year and mistakenly filed Form 3520 as soon as she realized this. By the time the taxpayer realized she had no Form 3520 filing obligation, the IRS had already assessed the 2018 3520 penalty.

The Internal Revenue Code, income tax regulations, and case law also provide that a mistake of fact or law is also a defense to a penalty under reasonable cause. Here, the taxpayer mistakenly believed she had an obligation to file a Form 3520 because of an honest misunderstanding of fact or law regarding the need to file a Form 3520 for the 2018 tax year.

---

[8] *See* IRM Section 20.1.9.5.5 (1/29/21), *Reasonable Cause.*
[9] *See* IRC Section 6651(a)(1).
[10] *See United States v. Boyle,* 469 U.S. 241, 245 (1985).

Office: (415) 318-3990 ● Facsimile: (415) 335-7922 ● 505 Montgomery St. 11th Floor, San Francisco, CA 94111 ● Email: info@sftaxcounsel.com

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

Yang CFR #2

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee  $4.40
$                                          $3.45

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)            $ $0.00
☐ Return Receipt (electronic)          $ $0.00
☐ Certified Mail Restricted Delivery   $ $0.00
☐ Adult Signature Required             $ $0.00
☐ Adult Signature Restricted Delivery  $

Postage  $1.87
$

Total Postage and Fees
$

Postmark Here — APR -4 2024 — DANVILLE CA — USPS 9452-9656 0318

Sent To  Dept. of the Treas. IRS
Street and Apt. No., or PO Box No.
City, State, ZIP+4®  Ogden, UT 84201-0038

7022 0410 0001 9406 9643

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

