CONNOR J. PESTOVICH (NM Bar 159189)
Trial Attorney, Tax Division
United States Department of Justice
Tax Division
P.O. Box 683
Washington, D.C. 20044
Phone: (202) 616-2378
Fax:    (202) 307-0054
Connor.Pestovich@usdoj.gov

*Attorney for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIFEI YANG, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE and UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 8:25-cv-00130-JVS-ADS <br><br> **DECLARATION OF CONNOR J. PESTOVICH** |

I, Connor J. Pestovich, pursuant to 28 U.S.C. § 1746, declare that:

1. I am a trial attorney for the United States Department of Justice, Tax Division. In my capacity as a trial attorney with the Department of Justice Tax Division, I have been assigned litigation responsibilities for representing the United States in the above-captioned case.

2. Plaintiff Yifei Yang filed this action against the United States and the IRS on January 23, 2025, seeking a refund of a 26 U.S.C. § 6039F penalty assessed against her by the IRS for the 2018 tax year. The complaint also raises challenges to the penalty under the Administrate Procedure Act and the Fifth, Seventh, and Eighth Amendments of the Constitution. ECF No. 1.

3. Plaintiff served the summons and complaint on the United States Attorney's Office for the Central District of California on January 29, 2025, ECF

1

No. 11, meaning the United States' original deadline to answer or otherwise respond to the complaint was March 31, 2025.

4. On February 26, 2025, the parties jointly stipulated to extend the time for the United States to respond to the complaint by 30 days. ECF No. 12.

5. Based on the date of service and this stipulation, the United States' response to Plaintiff's complaint was due on April 30, 2025. ECF No. 12.

6. On April 9, 2025, I emailed counsel for Yang to informally request documents to support certain allegations in the complaint. These documents could potentially justify resolving this case early without any further litigation. Since this email, the parties have been engaged in informal discovery on this issue.

7. On April 25, 2025, the parties agreed to extend the United States' time to answer the complaint by 21 days to allow additional time to provide these documents and review them to determine if there is a possibility of early resolution. The parties executed a joint stipulation and requested a Court order granting the extension on April 25, 2025. The Court granted it on April 28, 2025, which extended the United States' deadline to respond to the complaint to May 21, 2025.

8. Yang provided documents to the United States on May 8, 2025. After reviewing these documents, I determined that I needed additional documents to fully review this issue and requested those additional documents on May 14, 2025. Yang agreed and provided additional documents the next day—May 15, 2025.

9. The United States' responsive pleading is currently due next week, but I need additional time to fully review the documents I have received from Yang to determine if an early resolution is possible.

10. The requested extension of 30 days will give me time to review these documents without also requiring me to prepare and file a responsive pleading for the United States. This could potentially save the parties significant time and

expense of litigation if it is determined that the case can be resolved without further litigation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 19th day of May 2025.

*/s/ Connor J. Pestovich*
CONNOR J. PESTOVICH
Trial Attorney, Tax Division
U.S. Department of Justice